**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA ANNETTE EUSEY, | ) | CASE NO. 1:20-cv-02849 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Comm'r of Soc. Sec.,* | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (R. 23).[1] Plaintiff Rebecca Annette Eusey filed her Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits and Supplemental Security Income. Magistrate Judge Baughman issued his Report and Recommendation on August 29, 2022, recommending the Court affirm the Commissioner's decision. (R. 23). Plaintiff filed a timely objection to the Report and Recommendation on September 12, 2022 (R. 24), and the Commissioner filed a response to Plaintiff's objection. (R. 25).

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

### I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Here, Plaintiff objects to the Magistrate Judge's conclusion that the Administrative Law Judge (ALJ) committed no error by deciding that Plaintiff failed to satisfy the criteria of Listing 1.02 and that the ALJ was justified in not including Plaintiff's use of a walker in the assessment of Plaintiff's residual functional capacity (RFC). (R. 24, PageID# 789–790). The Court thus reviews these issues *de novo*.[2]

### II. Discussion

Judicial review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Review must be based on the record as a

---

[2] Plaintiff does not object to any other issues considered in the Report and Recommendation. The Court therefore applies a clear error standard in reviewing the remainder of the Report and Recommendation. *See* Fed. R. Civ. P. 72 advisory committee's notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879); *see also Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) ("In the Sixth Circuit, failure to object constitutes a forfeiture.") (*citing Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019)).

The Court has carefully reviewed the remainder of the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein.

whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The Court may look to any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. (*Id*.). However, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681. A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

Dr. Michael Viau prescribed a "rollator walker" to Plaintiff on October 10, 2018, and the issues now in dispute involve Plaintiff's use of that walker to assist with her ambulation. (R. 11, PageID# 73; R. 24, PageID# 789). The ALJ's underlying decision considered whether Plaintiff satisfied Listing 1.02—major dysfunction of a joint—and found that "the record does not support an inability to ambulate effectively," as defined by Listing 1.00(B)(2)(b). (R. 11, PageID# 86; *Program Operations Manual Systems (POMS)*, Soc. Sec. Admin., https://secure.ssa.gov/poms.nsf/lnx/0434121013 (last visited Sept. 20, 2022)). Since the inability to ambulate effectively is a necessary element of Listing 1.02, the ALJ ultimately decided that Plaintiff did not have an impairment for the purposes of this Listing. (*Program Operations Manual Systems*, *supra*; R. 11, PageID# 86). Later in the decision when the ALJ assessed Plaintiff's RFC, the ALJ decided that

3

Plaintiff failed to "meet her burden to establish medical necessity for a . . . walker" because there was evidence in the record that Plaintiff was able to ambulate without the walker. (R. 11, PageID# 90).

In her Brief on the Merits, Plaintiff argued first that the ALJ erred when deciding that she did not satisfy the criteria of Listing 1.02, since Plaintiff's prescribed walker established that she was unable to ambulate effectively for the purposes of the Listing. (R. 15, PageID# 715). Later in her Brief, Plaintiff asserted that the ALJ also erred by failing to include Plaintiff's need for a walker in the RFC assessment. (*Id*., PageID# 720).

The Magistrate Judge's R&R considered each of Plaintiff's arguments and recommended that the Court affirm the Commissioner's decision. First, the R&R acknowledged that while Plaintiff had a prescription for a walker, the Commissioner correctly observed that "the fact that [Plaintiff] had a prescription for a walker, or that she used a walker, as she herself stated, 'on and off all the time,' is not proof that she was *unable* to walk without a walker." (R. 23, PageID# 785 (emphasis in original)). The R&R also noted that the ALJ relied upon clinical notes in the record documenting Plaintiff's "normal" gait. (*Id*.). As a result, the R&R determined that the ALJ did not err in deciding that Plaintiff failed to satisfy Listing 1.02. Second, and for the same reasons, the R&R determined that the ALJ correctly decided to exclude Plaintiff's use of a walker from the RFC assessment. (*Id*.).

Plaintiff first objects to the R&R because of its determination that the ALJ correctly decided that Plaintiff did not require the use of a walker to ambulate, meaning that Plaintiff did not satisfy the criteria of Listing 1.02. (R. 24, PageID# 789). Specifically, Plaintiff points out that the evidence the ALJ cited to support that

conclusion came from records that pre-dated Plaintiff's prescription for the walker. (*Id.*).
Additionally, Plaintiff contends that because Plaintiff's mother and sister both
"corroborated" Plaintiff's need for a walker to ambulate, the ALJ was obligated to
conclude that the walker was medically necessary. (*Id.*, PageID# 789–790). For the same
reasons, Plaintiff's second objection argues that it was error for the R&R to determine
that the ALJ correctly excluded the walker from Plaintiff's RFC. (*Id.*, PageID# 790).

Plaintiff's objections boil down to a single issue: whether the ALJ erred when
determining that Plaintiff's walker was not medically necessary, as defined by the
regulations applicable at the time of the ALJ's decision. If the walker was medically
necessary, then it may have been error for the ALJ to determine that Plaintiff failed to
satisfy Listing 1.02, as well as finding the walker should have been excluded from
Plaintiff's RFC. However, if the walker was not medically necessary, neither
determination would be error. The Court holds that the ALJ relied upon substantial
evidence when determining that Plaintiff's walker was not medically necessary.

Although Plaintiff was prescribed a walker, the R&R correctly pointed out that
alone is not sufficient proof that she was unable to walk effectively. (R. 23, PageID#
785). Plaintiff ultimately bears the burden of providing evidence that she was disabled,
and any indications from the record that Plaintiff's walker was medically necessary are
indeterminate at best. 42 U.S.C. § 423(d)(5)(A). For instance, the ALJ relied upon
medical records indicating that Plaintiff did not have a problem with her gait. (R. 11,
PageID# 90, 388, 402, 521). While it is true, as Plaintiff points out, that some of these
records pre-dated the walker prescription in October 2018, one of the records cited by the
ALJ—dated October 2019, a full year after Plaintiff had been prescribed the walker—

indicated that Plaintiff could "[a]mbulate without problem." (*Id.*, PageID# 521). Plaintiff herself even noted in her Brief on the Merits that she uses the walker "on and off all the time," indicating that the walker is not medically necessary for Plaintiff's ambulation. (R. 15, PageID# 715).

Although Plaintiff points to third-party function reports completed by her mother and sister describing her difficulty walking, the ALJ determined that these reports were unpersuasive because they were "no more supportable or consistent with the evidence of record than the claimant's own subjective reports." (R. 11, PageID# 91). The ALJ did not have an "obligation," as Plaintiff suggests, to conclude that a walker was medically necessary after considering these reports, especially since these subjective reports were not consistent with other evidence in the record.

Plaintiff's citations to *Turk v. Commissioner of Social Security*, 2021 WL 6755002 (N.D. Ohio Dec. 23, 2021) and *Pahanish v. Commissioner of Social Security*, 2019 WL 480992 (N.D. Ohio Feb. 7, 2019) are unavailing. In both cases, the court held that an assistive device like a cane "would be deemed medically necessary if the record reflects more than the claimant's subjective desire to use one," in which case the ALJ would be obligated to include that limitation in the RFC. *Turk*, 2021 WL 6755002, at *12; *Pahanish*, 2019 WL 480992, at *3–5. Here, as already discussed, the ALJ cited substantial evidence that Plaintiff's use of a walker was not medically necessary, so there was no need for the ALJ to include it as a limitation when assessing Plaintiff's RFC. But even if the Court were to agree that record evidence supports Plaintiff's assertion, an ALJ's decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

6

For the foregoing reasons, the Court holds that the ALJ did not err when determining that Plaintiff did not satisfy the criteria of Listing 1.02 and when excluding Plaintiff's walker from the RFC assessment.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation in light of the above standard of review and Plaintiff's Objection (R. 24). The Court hereby overrules Plaintiff's Objection, and ADOPTS the Magistrate Judge's Report and Recommendation (R. 23). The Commissioner's underlying decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: September 27, 2022